

## IN THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT
## OF ILLINOIS EASTERN DIVISION

JENNIFER CASEY,

                Plaintiff,

v.

LITTLE CAESAR ENTERPRISES, INC.,

                Defendant.

Case No. 19-cv-02912

Judge Charles R. Norgle

## ORDER

Before the Court is Defendant's motion to compel production [12]. The parties have resolved the discovery issues discussed in the motion regarding an engagement letter and the scanning of Plaintiff's cellphone. The only remaining issue is the potential disclosure of nine email communications exchanged between Plaintiff's parents and Plaintiff's attorneys. The motion [12] is granted and the Court compels disclosure.

Plaintiff argues that the emails are undiscoverable under attorney-client privilege, the work product doctrine, and parent-child privilege. Alternatively, Plaintiff argues that the material is not relevant to the subject matter of this litigation.

The Court rejects these arguments. Plaintiff was eighteen at the time she was hired and turned nineteen before the alleged incident, and has therefore been an adult at all times relevant to this litigation. Regardless, there is no parent-child privilege, and the Court will not create one now. "[E]very federal appellate court that has considered adoption of the parent-child privilege—including our own—has rejected it." Under Seal v. United States, 755 F.3d 213, 219 (4th Cir. 2014) (citing United States v. Davies, 768 F.2d 893, 899 (7th Cir.1985)).

Plaintiff also cannot assert attorney-client or work product privilege over communications made by her parents to her counsel. Plaintiff is the sole client in this matter. The email discussions between Plaintiff's parents and her counsel are not privileged. See Swyear v. Fare Foods Corp., No. 3:16-cv-01214-SMY-RJD, 2017 WL 3503401, at *2 (S.D. Ill. July 12, 2017) ("the presence of [Plaintiff's] mother during the consultation waived the attorney client privilege."). Neither are email communications between Plaintiff's parents and Plaintiff's counsel attorney work product.

The Court emphasizes that the present motion to compel is granted as to discoverability. The Court is not ruling as to the admissibility of any communications at trial.

IT IS SO ORDERED.

ENTER:

*Charles Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 4, 2020

1